FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 19 2004

CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MANUEL JACOB CISNEROS,

    Plaintiff,

vs.                                                                                              No. CIV- 04-0268 JB/WDS

DEPARTMENT OF CORRECTIONS R.D.C.
TIM LEMASTER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, to review the Plaintiff's civil rights Complaint. The Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. Based on recent information about the Plaintiff's financial status, the Court finds that the Plaintiff is unable to pay an initial partial payment pursuant to § 1915(b)(1). For the reasons below, the Court will dismiss the Plaintiff's Complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(B)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)(quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing the Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings that counsel draft, but liberally



construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint alleges that the Defendants transferred the Plaintiff from one facility to another "without proper authorization." The Defendants then placed him in a "super max" facility, although he was classified at a lower custody level. The Plaintiff claims the transfers and classification violated his due process rights. For relief, he seeks damages and an order requiring his transfer to a lower custody level.

No relief is available on the Plaintiff's transfer claim. "[S]tate and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution." *Prows v. Federal Bureaus of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992). Absent some prohibited reason for the transfers, such as discrimination or retaliation for the exercise of a constitutional right, the transfers cannot be challenged. *See id.*; *Frazier v. Dubois*, 922 F.2d 560, 561-62 (10th Cir. 1990). Even if the transfers violated state policies or regulations, as the Plaintiff alleges, his complaint does not state a claim under 42 U.S.C. § 1983. *See Vasquez v. Johnson*, No. 01-2118, 2002 WL 1038752, at **2 (10th Cir. May 23, 2002)("[A]llegation that the defendants violated New Mexico law in confining him in the county jail is insufficient to allege a violation of federal law."). The Court will dismiss this claim.

Nor do the Plaintiff's allegations of improper classification support a claim under § 1983. The Plaintiff has no due process rights to a particular classification. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). *But see Duffy v. Uphoff*, No. 96-8017, 1997 WL 82482, at **2 (10th Cir. 1997)(assuming without deciding that due process may protect inmate from arbitrary changes in classification that are outrageous or shock the conscience). The Court will dismiss the Complaint. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003)(Hartz, J.,

concurring)("[D]ismissal with prejudice ... might not preclude the plaintiff from proceeding in state court[.]").

**IT IS THEREFORE ORDERED** that the initial partial payment required by 28 U.S.C. § 1915(b)(1) is WAIVED;

**IT IS FURTHER ORDERED** that the Plaintiff's Complaint is DISMISSED; and, pursuant to rule 58(a)(2)(A)(iii) of the Federal Rules of Civil Procedure, judgment will be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE